# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

David Grisham and Tina Watson,

    Plaintiffs,

vs.

Municipality of Anchorage; John Rodda, in his official capacity as Anchorage Parks and Recreation Director; and John Casselman, individually, and in his official capacity as police officer for the Whittier Police Department,

    Defendants.

3:18-CV-00001 JWS

ORDER AND OPINION

[Re: Motion at docket 44]

## I. MOTION PRESENTED

At docket 44, with a memorandum in support at docket 45, Plaintiffs David Grisham ("Grisham") and Tina Watson ("Watson"; collectively "Plaintiffs") filed a motion for attorneys' fees and expenses under 42 U.S.C. § 1988. They are requesting a total of $79,143.18: $56,920 for time spent by attorney Nathan Kellum; $7,700 for time spent by attorney Anthony Mangini; $13,942.50 for time spent by attorney Anne Helzer; and $580.68 in expenses. The expenses are not taxable, but defendants have not opposed an award for the expenses. The court will award $580.68 in expenses. Defendant Municipality of Anchorage (the "Municipality") opposes the amount of the requested fees

at docket 46. Plaintiffs reply at docket 48. Oral argument was not requested and would not be of assistance to the court.

### III. STANDARD OF REVIEW

A party who prevails on a § 1983 claim is generally entitled to reasonable attorneys' fees and expenses.[1] "The district court has discretion in determining what fees are reasonable" but must clearly explain its reasoning for setting the fee amount.[2] When determining what constitutes a reasonable fee award, the courts uses the lodestar method. The method consists of two parts.[3] First, the court must calculate the lodestar figure, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.[4] A reasonable hourly rate is the prevailing rate in the relevant community.[5] The number of hours reasonably expended on litigation is generally determined by the winning lawyer's professional judgment as to how much time was necessary for the case.[6] However, when calculating the lodestar figure the court should not include "'excessive, redundant, or otherwise unnecessary'" hours.[7] "A district court can . . . impose up to a 10 percent reduction without explanation. . . . However, 'where the disparity is larger, a more specific articulation of the court's reasoning is expected.'"[8] The resulting figure should "approximate[ ] the fee that the

---

[1] 42 U.S.C. § 1988(b); *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

[2] *Chaudhry v. City of L.A.*, 751 F.3d 1096, 1110 (9th Cir. 2014).

[3] *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016)

[4] *Id.*

[5] *Id.*

[6] *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

[7] *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (quoting *Hensley*, 461 U.S. at 433-34).

[8] *Chaudhry*, 751 F.3d at 1111 (quoting *Moreno*, 534 F.3d at 1111).

prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case."[9]

Second, the court determines whether to enhance or reduce the lodestar figure based on the *Kerr* factors[10] that are not already subsumed in the initial lodestar figure.[11] This further adjustment is generally disfavored.[12]

The party requesting an award of fees bears the burden of "producing evidence that their requested fees are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[13] If the applicant meets this burden, then the opposing party must submit evidence disputing the accuracy and reasonableness of the fee applicant's claims.[14] "If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, [the court][ should normally grant the award in full, or with no more than a haircut."[15]

---

[9]*Kelly*, 822 F.3d at 1099 (internal quotations omitted).

[10]The *Kerr* factors are as follows: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Morales v. City of San Rafael*, 96 F.3d 359,363-64 n.8 (9th Cir. 1996).

[11]Many of the *Kerr* factors are "presumably taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation." *Id.* at 364 n.9; *see also Kelly*, 822 F.3d at 1099.

[12]*Morales*, 96 F.3d at 364 n.9 (additional adjustment of the lodestar figure "on the basis of subsumed reasonableness factors *after the lodestar has been calculated*, instead of adjusting the reasonable number of hours or reasonable hourly rate at the first step, . . . is a disfavored procedure." (emphasis added)).

[13]*Chaudry*, 751 F.3d at 1110 (internal quotations omitted).

[14]*Id.* at 1110-11.

[15]*Moreno*, 534 F.3d at 1116.

## IV. DISCUSSION

The Municipality agrees that Plaintiffs were the prevailing party and that an award of attorneys' fees and expenses is appropriate here. The Municipality also agrees with the requested hourly rates, which are supported with declarations attesting to the reasonableness of these rates for this community and for this type of work. The Municipality's opposition to the requested fee award is based on its contention that the 224 hours Plaintiffs' attorneys spent on the matter is unreasonable, noting that this case did not proceed to summary judgment or trial.

**A. Burden to show reasonableness**

Plaintiffs argue that their request for an award of 224 hours of attorneys' time is reasonable in this case, citing the declaration of Walter M. Weber that was attached to their request for fees.[16] Mr. Weber is an attorney based in Virginia who litigates First Amendment cases throughout the country. In paragraph 15 of his declaration, he asserts that the time attorney Kellum and attorney Mangini spent on the matter is reasonable given the facts and course of this case. Plaintiffs argue that the Municipality failed to present a competing declaration or other evidence that would call into question the hours spent on the matter, and therefore this court must grant the requested fees without any significant reductions.

The court disagrees with Plaintiffs' assessment. While the Municipality did not submit a declaration to support its contention that the amount of hours Plaintiffs' attorneys spent on this case was excessive, it nonetheless sufficiently communicated to the court specific reasons why it believes the request should be reduced and cited numerous cases involving similar religious expression issues and litigation history where attorney Kellum's requested fees have been reduced. The cases discuss, at least in part, the reasonableness of hours attorney Kellum claimed. This is sufficient support for the Municipality's position. Moreover, while declarations are useful and persuasive

---

[16]Doc. 44-6.

when the court is assessing what the prevailing attorney rates are for a community, they are less so in the context of assessing the reasonableness of hours spent on a matter. Indeed, Mr. Weber's perfunctory statement that the time expended here is normal is not persuasive enough to cause the court to discount the Municipality's arguments. A competing declaration stating the opposite would have been of little value.

To the extent the Municipality asks the court to wholesale slash attorney Kellum's requested fees based on the overall percentages other courts have reduced his fees, the court declines to do so. As noted by the Plaintiffs, some of the reductions in those cases were due to additional factors, such as hourly rates, overall success, and unrelated appeal work, not just excessive hours. The court must instead look at the specific time entries in this case and decide what reductions are warranted.

**B.     Reasonableness of hours expended**

The Municipality argues that Plaintiffs' requested fees are excessive in a few areas. It believes the attorneys spent too much time on the complaint and the motion for a preliminary injunction and too much time preparing for the Rule 26(f) conference. It also argues that Plaintiffs' attorneys did not efficiently use local counsel and spent too much time on consultation.

**1.     Complaint and Motion for a Preliminary Injunction**

The parties present different numbers as to how much time Plaintiffs' attorneys spent on pleadings and the preliminary injunction motion. Indeed, given the nature of billing statements, it is understandable that tasks and time entries could be categorized multiple ways. The court has done its own review of the billing statement and will rely on its own assessment of the numbers. Time entries related to the complaint total about 29.5 hours, with most of those hours billed by attorney Kellum. Time entries related to the preliminary injunction motion total 37 hours. This number only includes time spent researching and writing the motion itself. Again, attorney Kellum was the primary attorney on this task. In addition, Plaintiffs' attorneys spent about 15 hours preparing exhibits for the motion, 11 of which were spent on drafting Grisham's and

Watson's affidavits. It appears attorney Mangini did much of the work on exhibits and affidavits. The hours attributed to the complaint and preliminary injunction motion exclude case development activities—reviewing files, making calls, looking at maps and photos, watching video—that attorney Kellum did not categorize as part of the complaint or the preliminary injunction process. Pre-complaint case development by attorneys Kellum and Helzer total 39 hours. Again, this is time apart from the drafting of the complaint and the preliminary injunction. In total, the attorneys spent around 120.5 hours preparing the initial filings in this case. The court finds this amount of time excessive for a variety of reasons.

      Kellum is a seasoned and experienced First Amendment attorney. The parties have cited many cases where Kellum has been the attorney for plaintiffs bringing a lawsuit related to his or her attempted distribution of religious materials in public places. Kellum's complaint outline and causes of action for these types of cases are well defined.[17] While the court agrees with Plaintiffs' argument that there are legal and factual distinctions that make each case unique, the time entries here show excessive time spent on drafting multiple documents with the same recitation of facts. The facts of the case make up the bulk of the complaint (18 of the 22 pages). The facts are then repeated in the two affidavits. They are repeated again in the preliminary injunction motion and constitute about a third of that document. After spending around 40 hours developing the case and spending around 30 hours drafting the fact-based complaint, it is duplicative to claim another 11 hours drafting affidavits with the same recitation of facts[18] and duplicative to claim more time preparing the facts for the preliminary injunction motion. Moreover, the court notes that this is not the first time Kellum has worked with Grisham. He also represented Grisham in a Northern District of Texas case where Grisham sued the City of Fort Worth for violating his First Amendment rights

---

[17] *See* docs. 46-3 and 46-2.

[18] The time entries show that the affidavits were prepared after the complaint.

by preventing him from handing out religious literature at a public park during a public event.[19] Therefore, time spent gathering information about Grisham and his religious beliefs to include in the pleadings should have been minimal. Attorney Mangini's time spent on exhibits also appears excessive given that they are not attorney-created exhibits.

Rather than parse through each specific entry and determine at what point in time the attorneys' efforts became excessive, the court will make a wholesale reduction. Generously assuming that the 39 hours of pre-case development was necessary to gather facts and research the legal particulars of this case, the court will make the reduction to the remaining 81.5 hours spent on the initial filings in this case. The court believes that preparation of the complaint and the preliminary injunction motion after thorough case development should not have taken more than 25 hours total, requiring a reduction of 56.5 hours from the 81.5 hours claimed on the billing statements. Therefore, using attorney Kellum's hourly rate, the court will subtract $22,600 from Plaintiffs' fee request.

### 2. Staffing

The court also notes that the use of local counsel was excessive. There are numerous entries for correspondence between attorneys Kellum and Helzer about every step of the litigation up through April of 2018 when Helzer's involvement tapered off. She entered 46 hours of time spent on the case and discounted 3.1 hours, leaving a total of 42.9 hours claimed for her time. Not including the hours already discounted by Helzer and not including the 15.25 hours she spent on and before October 31, 2018, when Kellum became counsel, Helzer spent about 27 hours consulting and corresponding with Kellum and reviewing Kellum's work product. Kellum spent approximately 13 hours corresponding and consulting with Helzer about matters not

---

[19]*Grisham v. City of Fort Worth*, No. 4:15-cv-324-A, 2016 WL 8606770 (N.D. Tex. Dec. 16, 2016).

related to tasks already accounted for in this order. The court believes that given Kellum's solid understanding of the facts of this case—demonstrated through his time entries devoted to case review and development—and his First Amendment expertise for which he was hired, there was no significant need by Kellum to have numerous consultations with Helzer, particularly on the substance of his memorandums and filings. In other words, the court concludes that a prevailing attorney would have written off a portion of these consultations for a paying client. The court will reduce Helzer's time for these consultations and tasks by 17 hours, which amounts to a $5,525 reduction. It will reduce Kellum's time from 13 hours to 5 hours for a reduction of $3,200.

Additionally, the court identified several instances where both attorney Kellum and attorney Helzer handled daily litigation management. Kellum billed about 5 hours on small miscellaneous tasks related to local rules, phone calls to court staff, and reviewing routine orders, which were also reviewed by Helzer. The court finds this time duplicative. They are also unnecessary tasks for an attorney charging $400 per hour. The court will therefore take $2,000 off the requested total to account for these 5 hours.

### 3. Rule 26(f) Conference

The attorneys spent about 11 hours preparing for and conducting the Rule 26(f) conference. Plaintiffs argue that these charges are reasonable because preparing for a conference constitutes "'careful compliance with the attorneys' responsibilities.'"[20] They note that the time spent preparing for the conference included coordinating multiple schedules and preparing for possible negotiations about a settlement. Given the purpose and nature of such a conference and the fact that the court provides a standard form for the parties to complete in conjunction with that conference, 11 hours appears to be a bloated amount of time to charge for such tasks. The court believes at least some

---

[20] Doc. 48 at p. 7 (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1151 (9th Cir. 2001).

reduction is warranted but not a large one, giving some weight to the fact that attorney Kellum was also preparing for potential negotiations and the Municipality did not provide rebuttal evidence to show that there were no talks of settlement at the conference. The court will cut 4 hours from attorney Mangini's time, since he was the one claiming the majority of time on the matter. That results in a reduction of $800.

### 4. Media-related entries

The court noticed that attorney Helzer billed time for media-related communications and tasks. These tasks are not necessary to the litigation and are "the kinds of activities that attorneys generally do at their own expense."[21] It is difficult for the court to assess exactly how much time she spent on such activities because her time entries are blocked by day rather than discrete tasks. The court estimates that 3.5 hours should be reduced for a total reduction of $1,137.50 from the requested fee amount.

## C. Final Lodestar Figure

Plaintiffs request a total of $79,143.18 in attorneys' fees and costs. Adjusting for the excessive and unnecessary time spent on the case, the court concludes that the final lodestar figure amounts to $43,300.00. A reduction of this nature is in line with other courts considering the reasonableness of fee requests by attorney Kellum.[22] For example, in *Henderson v. Crimmins*[23], the court reduced Kellum's time spent on the complaint and motion for preliminary injunction by 45 hours and found that the reasonable amount of time spent on the case in total was around 70 hours. The court also reduced Kellum's fees based on other factors, including the fact that courts

---

[21]*Gates v. Gomez*, 60 F.3d 525, 535 (9th Cir. 1995).

[22]*See Henderson v. Crimmins*, 147 F. Supp. 3d 780, 787 (N.D. Iowa 2015) (listing cases where Kellum's fee requests have been "slashed for being excessive"); *Deferio v. City of Syracuse*, No. 5:16-cv-361, 2018 WL 3069200, at *7 (N.D.N.Y. June 21, 2018) (listing cases where Kellum's fees have been reduced).

[23]147 F. Supp. 3d 780 (N.D. Iowa 2015).

continue to send him the message to "[s]top submitting such wildly excessive requests for attorney fees."[24]  In *Grisham v. City of Fort Worth*[25], the court found that spending 66.5 hours on preparation of the complaint and a motion for preliminary injunction was excessive and reduced the number of hours to 30.[26]  The court in *Corral v. Montgomery County*[27] also reduced the hours Kellum spent on the complaint and preliminary injunction from 163.4 hours to 100 hours.  In *Gros v. New Orleans*[28] the court reduced Kellum's hours spent on co-counsel communications by 75% and then reduced the remaining number of hours by 50% describing the claimed hours as "grossly excessive."[29]

D. **Adjustments based on remaining *Kerr* factors**

The adjustments made to the lodestar amount subsume most of the *Kerr* factors.  That is, in determining what was a reasonable rate to charge and a reasonable amount of time to spend on the case, the court already considered the time and labor needed, the novelty of the issues, skills and experience of the attorneys, the fees and amounts involved, and awards in other cases.  The remaining *Kerr* factors, such as preclusion of other employment, time limitations imposed, or desirability of the case, do not support any further adjustments to the fee award.

---

[24]*Id.* at 791.

[25]No. 4:15-cv-324-A, 2016 WL 8606770 (N.D. Tex. Dec. 16, 2016).

[26]*Id.* at *4 ("If the City of Fort Worth is willing to accept 30 hours as an appropriate number for preparation of the initial pleadings, the court likewise is accepting that number, even though the court continues to believe that anything more than 20 hours for that work would be excessive.").

[27]91 F. Supp. 3d 702 (D. Md. 2015).

[28]Nos. 12-2322, 12-2334, 12-2374, 2014 WL 2506464 (E.D. La. June 3, 2015).

[29]*Id.* at *11-12.

## V. CONCLUSION

Based on the foregoing, Plaintiffs' motion for attorneys' fees and costs is GRANTED IN PART. Plaintiffs are awarded a total of $43,880.68, consisting of $43,300.00 in attorneys' fees and $580.68 in costs. The court will leave it up to Plaintiffs and their attorneys on how to divide the award between co-counsel based on the findings herein.

DATED this 20th day of February 2019.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT